[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-12209
Non-Argument Calendar

_____

D.C. Docket No. 7:11-cv-00994-LSC

BOB PERRY,

                                        Plaintiff-Appellant,

versus

BATESVILLE CASKET COMPANY, INC.,
BATESVILLE LOGISTICS,
HILLENBRAND, INC.,

                                        Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(January 8, 2014)

Before TJOFLAT, JORDAN, and EDMONDSON, Circuit Judges.

PER CURIAM:

Bob Perry, age 40+, appeals from the grant of summary judgment in favor of his employer, Batesville Logistics ("Batesville"), in his suit brought under the Alabama Age Discrimination in Employment Act ("AADEA"), Ala. Code § 25-1-22.[1]

Perry argues that the district court wrongly concluded that, to survive summary judgment, he had to demonstrate that Batesville's proffered reason for firing him from his truck-driving job had been a pretext for age discrimination. Instead, he says he only had to raise a genuine issue of material fact on Batesville's good-faith belief in its proffered reason, which was that Perry had falsified his timesheets by listing end-of-shift times that did not match GPS records showing when his truck stopped for the day.  He contends evidence showed that Batesville ignored its own policies that would explain these timesheet discrepancies.  He also argues Batesville's good-faith belief was also drawn into question by a matter of suspicious timing:  Perry was fired shortly after a younger employee requested more work hours.

---

[1] Perry's suit also included a claim under the Fair Labor Standards Act ("FLSA"). Besides Batesville Logistics, he named Hillenbrand, Inc. and Batesville Casket Co., Inc. as defendants in both the AADEA and FLSA claims.  The district court dismissed the FLSA claim and also dismissed Hillenbrand and Batesville Casket from the suit.  Perry waives any challenge to these dismissals.  Thus, this appeal concerns only the granting of summary judgment on the AADEA claim in favor of Batesville Logistics.

We review the district court's ruling on summary judgment *de novo*. *Rojas v. Fla.*, 285 F.3d 1339, 1341 (11th Cir. 2002). "When deciding whether summary judgment is appropriate, all evidence and reasonable factual inferences drawn therefrom are reviewed in a light most favorable to the non-moving party." *Id.* at 1341-42. Once the moving party meets its burden of production, "the nonmoving party must present evidence beyond the pleadings showing that a reasonable jury could find in its favor." *Shiver v. Chertoff*, 549 F.3d 1342, 1343 (11th Cir. 2008). "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." *Brooks v. Cnty. Comm'n of Jefferson Cnty.*, 446 F.3d 1160, 1162 (11th Cir. 2006) . Moreover, we do not consider arguments not raised before the district court. *Ledford v. Peeples*, 657 F.3d 1222, 1258 (11th Cir. 2011).

Under the AADEA, "[n]o employer, employment agency, or labor organization shall discriminate in employment against a worker 40 years of age and over in hiring, job retention, compensation, or other terms or conditions of employment." Ala. Code § 25-1-21. The AADEA also specifically provides that "[a]ny employment practice authorized by the federal Age Discrimination in Employment Act ["ADEA"] shall also be authorized by this article. . . ." Ala. Code § 25-1-29. The remedies, defenses, and statutes of limitations are the same

3

as those authorized by the ADEA, with the only noted exception being that plaintiffs are not required to pursue an administrative remedy before filing suit. *Id.*

The AADEA uses the same analytical framework as the ADEA. *See Robinson v. Ala. Cent. Credit Union*, 964 So.2d 1225, 1228 (Ala. 2007). The ADEA makes it unlawful to discriminate against an employee due to his being 40 years of age or older. 29 U.S.C. §§ 623(a), 631. Also, "[b]ecause age and years of service are analytically distinct, an employer can take account of one while ignoring the other, and thus it is incorrect to say that a decision based on years of service is necessarily 'age based.'" *Hazen Paper Co. v. Biggins*, 507 U.S. 604, 611, 113 S.Ct. 1701, 1707, 123 L.Ed.2d 338 (1993).

A plaintiff may support his claim of age discrimination with either direct or circumstantial evidence. *See Pace v. S. Ry. Sys.*, 701 F.2d 1383, 1388 (11th Cir. 1983). Where the plaintiff has submitted only circumstantial evidence, we employ the framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). *Chapman v. AI Transp.*, 229 F.3d 1012, 1024 (11th Cir. 2000) (*en banc*). Under *McDonnell Douglas*, the plaintiff has the initial burden of establishing a *prima facie* case of age discrimination. *Id.* If the plaintiff does so, and the employer articulates a legitimate, nondiscriminatory reason for its actions, the plaintiff must then show that the employer's alleged reason was a

4

pretext for unlawful discrimination. *Crawford v. City of Fairburn*, 482 F.3d 1305, 1308 (11th Cir. 2007).

To meet his burden of showing a pretext under the *McDonnell Douglas* test, the plaintiff must rebut all legitimate non-discriminatory reasons that the employer proffers for the adverse action. *Id.* at 1308. He can do this by pointing to "weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions" in the employer's explanation. *Brooks*, 446 F.3d at 1163. The plaintiff also can show pretext "either directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence." *Kragor v. Takeda Pharm. Am., Inc.*, 702 F.3d 1304, 1308 (11th Cir. 2012).

The plaintiff also may produce evidence that "permits the jury to reasonably disbelieve the employer's proffered reason." *Steger v. Gen. Elec. Co.*, 318 F.3d 1066, 1079 (11th Cir. 2003). "But a reason cannot . . . be 'a pretext *for discrimination*' unless it is shown *both* that the reason was false, *and* that discrimination was the real reason." *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 515, 113 S.Ct. 2742, 2752, 125 L.Ed.2d 407 (1993) (emphasis in original). The plaintiff "must meet [the] reason head on and rebut it, and the employee cannot succeed by simply quarreling with the wisdom of that reason." *Chapman*, 229 F.3d at 1030. The court's inquiry, ultimately, "is limited to whether the employer

gave an honest explanation of its behavior." *Id.*  A plaintiff's showing that the employer was simply incorrect in its decision is insufficient:  if the employer honestly believed that the employee engaged in misconduct, even if it was mistaken in such a belief, no discrimination exists.  *Elrod v. Sears, Roebuck & Co.*, 939 F.2d 1466, 1470 (11th Cir. 1991).

Moreover, in *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 129 S.Ct. 2343, 174 L.Ed.2d 119 (2009), the Supreme Court held that the language "because of" in the ADEA meant that a plaintiff had to prove that age discrimination was the "but-for" cause of the adverse act.  *Gross*, 557 U.S. at 176, 129 S.Ct. at 2350.  Since *Gross*, we have reaffirmed that the evaluation of ADEA claims based on circumstantial evidence under the *McDonnell Douglas* framework is appropriate, as the Supreme Court left that question open.  *See Sims v. MVM, Inc*., 704 F.3d 1327, 1332 (11th Cir. 2013).

Upon review of the record and consideration of the parties' briefs, we affirm.

The district court correctly concluded that Perry failed to show how Batesville's proffered reason for firing him constituted pretext.  The court applied the proper standard by determining that Perry had presented no evidence that cast doubt on Batesville's good-faith belief that he had falsified his timesheets.[2]  *See*

---

[2] Perry presented no evidence that Batesville in fact knew that post-trip duties or rounding up

*Steger*, 318 F.3d at 1079. While Perry's supervisor did know of practices and policies that could explain why Perry's timesheets did not match the GPS records, this circumstance was a mere scintilla of evidence that Batesville lacked the requisite good-faith belief. *See Brooks*, 446 F.3d at 1162. Batesville consistently required timesheets to match the GPS records; and even if Batesville erred by ignoring some of the other policies, that mistake by itself was not enough to cast doubt on its honest belief that the timesheet policy had been violated. *See Elrod*, 939 F.2d at 1470. In addition, Perry's contention about his termination's "suspicious timing" did not directly rebut whether Batesville gave an honest explanation about the timesheet falsification. *See Chapman*, 229 F.3d at 1030. Finally, even if Perry had shown that Batesville's proffered reason for firing him had been false, he failed to show that age discrimination was the real, "but-for" reason. *See Hicks*, 509 U.S. at 515, 113 S.Ct. at 2752; *see also Gross*, 557 U.S. at 176, 129 S.Ct. at 2350.

Therefore, the district court did not err in granting summary judgment on Perry's AADEA claim, and we affirm.

_____

times should alter its calculations of timesheet discrepancies. Instead, as noted above, evidence shows that Batesville consistently required its drivers' timesheets and GPS records to match, with no regard to the time spent on any post-trip activities. Moreover, at no point prior to his termination did Perry tell Batesville that the time he spent on paperwork and inspections explained his timesheet discrepancies, instead calling them an oversight or an "honest mistake." Batesville therefore had no reason to question its belief that Perry had falsified his timesheets in violation of company policy. Perry cannot simply quarrel with the wisdom of Batesville's method of calculating the discrepancies.

**AFFIRMED.**

8

JORDAN, Circuit Judge, concurring.

I would affirm on the more narrow ground articulated by the district court -- that "even if the time discrepancies alleged by [Batesville] are recalculated to include time for paperwork and rounding, there are still two days, July 29, 2010, and August 10, 2010, with overestimated times for which [Mr. Perry] has no explanation." D.E. 40 at 15-16.